**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4063

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT SLUSARCZYK, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Joseph Robert Goodwin, District Judge. (CR-03-102)

Submitted: May 9, 2005          Decided: July 28, 2005

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, P.L.L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United State Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Slusarczyk, Jr. appeals his conviction and 200 month sentence after he pleaded guilty to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2000). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one potential issue but stating that, in her view, there are no meritorious grounds for appeal. Slusarczyk was notified of his right to file a pro se supplemental brief, but has not filed a brief. After the Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005), counsel for Slusarczyk filed a supplemental brief and a motion to remand for resentencing. The Government responded that it did not oppose remand. Because we find no plain error in the determination or imposition of Slusarczyk's sentence, we deny the motion to remand and affirm.

In Booker, the Supreme Court applied the rationale of Blakely v. Washington, 124 S. Ct. 2531 (2004), to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the

guidelines, thus making the guidelines advisory.  Id. at 756-57 (Breyer, J., opinion of the Court).  Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56.  The court directed sentencing courts to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), and impose a sentence.  If the court imposes a sentence outside the guideline range, the district court should state its reasons for doing so. Id. at 546.

Because Slusarczyk did not object to the sentencing range of 188 to 235 months' imprisonment set forth in the presentence report ("PSR") and adopted by the district court, this Court's review of the district court's sentence is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Slusarczyk must show: (1) there was error; (2) the error was plain; and (3) the error affected his

substantial rights.  Olano, 507 U.S. at 732-34.  Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736. (internal quotation marks omitted).

In determining whether error occurred in Slusarczyk's sentencing, we note that Hughes also recognized "that after Booker, there are two potential errors in a sentence imposed pursuant to the pre-Booker mandatory guidelines regime: a Sixth Amendment error, . . . and an error in failing to treat the guidelines as advisory."  Hughes, 401 F.3d at 552.  We first consider whether Slusarczyk's sentence was affected by a Sixth Amendment error. Slusarczyk's base offense level was calculated at thirty-four based on his status as an armed career criminal,[1] and the fact that he possessed firearms in connection with a crime of violence.[2] Pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.4(a) (2003), an individual subject to an enhanced sentence under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2004), is an armed career criminal.  Section 924(e) provides as follows: "in the case of a

_____

[1]Slusarczyk has never contested any aspect of the determination that he qualified for sentencing as an armed career criminal.

[2]If the enhancement for possession of the firearm in conjunction with a crime of violence did not apply, Slusarczyk's base offense level under the armed career criminal classification would be thirty-three, rather than thirty-four. USSG 4B1.4(b)(3)(B).

person who violates [§] 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . such person shall be . . . imprisoned not less than fifteen years. . . ." The indictment alleged that, at the time of the crime in question, Slusarczyk had previously been convicted of three aggravated burglaries and one robbery. The PSR reveals that Slusarczyk has five prior convictions for burglary, an offense explicitly deemed a "violent felony" for purposes of § 924(e), and one conviction for robbery. See 18 U.S.C.A. § 924(e)(2)(B)(ii). We thus conclude that Slusarczyk's classification as an armed career criminal did not violate Slusarczyk's Sixth Amendment rights, as the facts supporting that classification were charged in the indictment and acknowledged in Slusarczyk's guilty plea.

Pursuant to USSG § 4B1.4(b)(3)(A), the offense level for an armed career criminal who "used or possessed the firearm . . . in connection with . . . a crime of violence . . ." is thirty-four. Section 4B1.2(a) specifically lists burglary of a dwelling as a crime of violence. The criminal history category for an armed career criminal who "used or possessed the firearm . . . in connection with . . . a crime or violence. . . ." is Category VI. USSG § 4B1.4(c)(2).[3] Slusarczyk received a three-level reduction

_____

[3]Slusarczyk's extensive criminal history resulted in a total of thirty criminal history points, which yields a criminal history category of VI regardless of his status as an armed career

- 5 -

for acceptance of responsibility, resulting in a total offense level of thirty-one. This offense level, combined with his criminal history category of VI, yielded a sentencing range of 188 to 235 months' imprisonment. <u>See</u> USSG Ch. 5, Pt. A.

The facts supporting the one-level enhancement for possession of the firearm in connection with a burglary were not charged in the indictment. If this enhancement were removed, Slusarczyk's total offense level would be thirty, and his sentencing range 168 to 210 months. At the plea hearing, however, Slusarczyk stated that he and two other people burglarized houses and that he knew that an accomplice put a stolen gun in the trunk of Slusarczyk's vehicle. In addition, Slusarczyk acknowledged the truth of the prosecutor's summary of the factual basis for the plea that included a description of the burglaries and theft of firearms. Moreover, the imposed sentence of 200 months imprisonment is within the 168 to 210 month range that would apply in the absence of the one-level enhancement. We conclude that the one-level enhancement was based upon facts admitted by Slusarczyk, and he therefore suffered no Sixth Amendment violation in the calculation of his sentencing range.

In his supplemental brief, Slusarczyk asserts error in the application of the guidelines as a mandatory sentencing determinant. In <u>United States v. White</u>, 405 F.3d 208 (4th Cir.

---

criminal.

- 6 -

2005), this court determined that "even in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is error" that is plain. Id. at 216-17. The court also concluded that, to satisfy the third prong of the plain error test, an appellant must demonstrate actual prejudice. Id. at 217-23. White could not satisfy this requirement, however, because he could not establish that the application of the guidelines as mandatory had an effect on "the district court's selection of the sentence imposed." Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

Slusarczyk asserts that the district court indicated that it would possibly have imposed a lesser sentence under an advisory scheme, based upon comments by the district court after Slusarczyk's sentence was announced. Our review of the district court's remarks leads us to conclude that the district court's statements do not support Slusarczyk's argument, but would rather require speculation by this Court to determine whether the district court would have imposed a lesser sentence by treating the guidelines as advisory. White, 405 F.3d at 223. Accordingly, Slusarczyk cannot demonstrate that the district court's error[4] in

---

[4]We of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time of Slusarczyk's sentencing.

sentencing him pursuant to a mandatory guidelines scheme affected his substantial rights.

As required by Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we deny Slusarczyk's motion to remand and affirm his conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED